## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JOHN E. FOSTER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-00869 |
| MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC. | DEMAND FOR JURY TRIAL |
| Defendants. | |

### COMPLAINT

**NOW COMES** John E. Foster ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Defendants, Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc., (collectively referred to as "Midland" or "Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant engages in collection activities in the state of Texas.

7. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this cause of action, Plaintiff received dental services resulting in an outstanding balance ("subject debt").

9. Sometime thereafter, Plaintiff could not keep up with payments and defaulted on the subject debt.

10. Subsequently, Defendant acquired the right to collect on the subject debt.

11. In or around December 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (903) XXX-7931, in an attempt to collect on the defaulted subject debt.

12. Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 7931.

13. On multiple occasions, Plaintiff answered phone calls from Defendant and demanded it cease calling his cellular phone number.

14. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number.

15. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2018 through the present day, with calls taking place on back-to-back days and multiple calls in one day.

16. In one phone call, a representative for Defendant threatened Plaintiff with a warrant for his arrest and criminal prosecution. Distraught by Defendant's threat, Plaintiff immediately began looking for an attorney as he believed he may go to prison for not paying the subject debt.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, which is a telephone dialing system commonly used in the debt collection industry to collect defaulted debts.

21. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (877) 204-5573, (866) 320-1474, (877) 365-9616,

(877) 331-6970, (855) 877-4328, (866) 322-8142, (866) 322-8144, (877) 366-0628, (877) 366-0756, (877) 204-5580, (844) 532-2891, and (877) 496-4802.

22. Upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

### DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

36. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    **b. Violations of FDCPA § 1692d**

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

39. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2018 through the present day, using an ATDS without his prior consent, with calls taking place on back to back days and multiple times in one day.

    **c. Violation of FDCPA § 1692e**

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Defendant repeatedly contacted Plaintiff and even threatened him with criminal prosecution and a warrant for his arrest. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment out of fear that he would go to jail if the debt remained unpaid. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to arrest him and contact him via an ATDS when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. Furthermore, Defendant's representative unconscionably threatened Plaintiff with arrest and criminal prosecution, even though Defendant knew that it could not legally follow through with its threat. Placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome and making deceptive threats is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

43. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

44. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JOHN E FOSTER respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

47. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

48. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

49. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

51. Defendant violated the TCPA by placing hundreds of phone calls to Plaintiff's cellular telephone from December 2018 through the present day, using an ATDS without his prior consent.

52. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

53. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

55. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

56. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2018 and the present day, using an ATDS without his prior consent.

57. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

58. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JOHN E. FOSTER respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

62. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

63. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 391.304

64. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that, "…...a debt collector may not use fraudulent, deceptive, or misleading representation that employs…..misrepresenting the character, extent, or amount of the consumer debt…………"

65. Defendant violated § 392.304(8) when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately pay the subject debt. Furthermore, Defendant threatened to arrest Plaintiff and prosecute a criminal case against him, which is a misleading representation because Defendant cannot legally cause Plaintiff to be arrested for not paying the subject debt. This threat only served to worry Plaintiff to such an extent that he would pay the subject debt.

66. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**WHEREFORE**, Plaintiff JOHN E. FOSTER respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 25, 2019

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com